IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLOR IMAGE APPAREL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BELLA BIANCA BRIDAL, INC., an Illinois Corporation; and DOES 1-10 <br><br> Defendants. | Case No. <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff Color Image Apparel, Inc ("CIA") alleges as follows against defendant Bella Bianca Bridal, Inc. ("Defendant"):

## NATURE OF THE CASE

1. CIA seeks injunctive and monetary relief in this action for trademark infringement, false designation of origin, and common law unfair competition and trademark infringement with regard to CIA's registered trademarks. Defendant, which is in the business of retail sales of bridal apparel and related goods, has violated, and continues to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 *et seq.* (the "Lanham Act"), and Illinois state law through its unauthorized use of the mark BELLA BIANCA that is confusingly similar to CIA's registered BELLA trademarks for apparel, and online retail and wholesale store services featuring apparel. CIA thus brings this action to protect its valuable intellectual property rights.

1

## PARTIES

2. CIA is a corporation organized and existing under the laws of the State of California with its principal place of business at 6670 Flotilla Street, Commerce, California 90040.

3. On information and belief, Defendant is an Illinois corporation with its principal place of business at 17W527 Roosevelt Road, Oakbrook Terrace, Illinois 60181.

4. On information and belief, Defendant operates two retail stores in this judicial district, at which it markets and sells apparel using the BELLA BIANCA mark. Defendant also uses the BELLA BIANCA mark to advertise its goods and services to consumers in this judicial district via its Facebook, Instagram, Pinterest, and Twitter accounts.

5. On information and belief, each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to CIA for the damages and relief sought herein. The identifies of the individuals and entities named as defendants DOES 1 through 10, inclusive, are not presently known, but CIA will seek to amend the Complaint to identify them when their names and identities have been ascertained.

6. Defendant and DOES 1 through 10 are sometimes referred to collectively as "Defendants."

7. On information and belief, CIA alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent, servant, alter ego, employee, and/or successor or predecessor in interest of each of the other Defendants, and was at all times acting within the course and scope of such relationship, with the knowledge, approval, consent, or ratification of each of the other Defendants.

## JURISDICTION AND VENUE

8. This action arises under the Lanham Act, 15 U.S.C. sections 1114 and 1125 *et seq.*, and under statutory and common law unfair competition. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121, because CIA's claims arise, in part, under the Lanham Act.

9. This Court has personal jurisdiction over Defendants because, on information and belief, Defendant is an Illinois corporation with a principal place of business in Oakbrook Terrace, DuPage County, in this judicial district.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Defendant resides in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. CIA owns a number of federal trademark registrations for the mark BELLA and formatives thereof. CIA's federal trademark registrations include registrations for BELLA in International Classes 25 and 35 (collectively referred to herein as the "BELLA Marks"), including those listed below, most of which are incontestable:

| Mark | Reg. No. | Reg. Date | Class |
|---|---|---|---|
| BELLA | 2,668,441 | December 31, 2002 | 25 |
| BELLA | 2,895,709 | October 19, 2004 | 25 |
| BELLA GIRL | 3,158,111 | October 17, 2006 | 25 |
| BELLA BABY | 3,250,727 | June 12, 2007 | 25 |
| BELLA BABY | 3,293,659 | September 18, 2007 | 25 |
| BELLA | 3,519,794 | October 21, 2008 | 25 |

| | | | |
|---|---|---|---|
| BELLA LUXX | 3,967,706 | May 24, 2011 | 25 |
| BELLA LUXX | 4,116,227 | March 20, 2012 | 35 |
| BELLA | 4,163,125 | June 26, 2012 | 35 |
| BELLA BABY | 4,255,236 | December 4, 2012 | 25 |
| BELLA MISSY | 4,259,037 | December 11, 2012 | 25 |
| BELLA GIRL | 4,259,038 | December 11, 2012 | 25 |
| BELLA MISSY | 4,262,459 | December 18, 2012 | 25 |

True and correct copies of the certificates of registration for these BELLA Marks are attached to this complaint as Exhibit A.

12. Since at least as early as 2001, and long before Defendants used any similar mark, CIA has continuously, prominently and exclusively used its BELLA Marks to denote the source of its goods and services, including apparel and online retail and wholesale store services featuring apparel in the United States. During this period, CIA has committed significant amounts of time, effort and money to developing a widely respected reputation in the apparel industry through which the BELLA Marks have acquired secondary meaning indicating CIA as the source of its high-quality goods and services. Thus, before the acts complained of in this Complaint, members of the general consumer population recognized the BELLA Marks as exclusive source identifiers for apparel and online retail and wholesale store services featuring apparel as originating from, sponsored or approved by CIA.

13. On information and belief, CIA has the exclusive right to use the BELLA Marks in interstate commerce, and CIA's use has been exclusive since it first adopted the BELLA Marks, with the exception of unauthorized uses such as by Defendants as described in this Complaint.

14. CIA's BELLA Marks are valid and subsisting and remain in full force and effect.

15. CIA has widely advertised, promoted and marketed goods and services under its BELLA Marks in numerous and diverse advertising media including print, catalogs, and the internet to promote the strength and renown of its BELLA Marks. CIA has achieved a high level of commercial success in selling products and services bearing its BELLA Marks, and has built a valuable reputation and substantial goodwill, with which the BELLA Marks have become synonymous.

16. Defendant filed an application with the United States Patent and Trademark Office on May 6, 2014 for a federal trademark registration of the standard character mark BELLA BIANCA in International Class 35, Application Serial No. 86273154 (the "Application").

17. As published on August 16, 2016, the Application covers "Retail store services featuring bridal merchandise and apparel" in International Class 35.

18. CIA has opposed Defendant's above-referenced trademark application before the Trademark Trial and Appeal Board.

19. Defendants are currently using the BELLA BIANCA mark in advertising, offering for sale and selling bridal merchandise and apparel, which use began after CIA's adoption and use of the BELLA Marks.

20. Defendants are not authorized to use the BELLA Marks, or marks confusingly similar to the BELLA Marks, in connection with their goods or services, nor are Defendants affiliated with CIA.

21. Defendants' use of the BELLA Marks or marks confusingly similar to the BELLA Marks in retail sales of bridal apparel and related goods is likely to cause confusion, mistake and deception such that members of the public and purchasers of Defendants' goods and services are likely to be confused as to the

existence of and association, connection or relationship between CIA and Defendants, and confused into believing Defendants' goods and services are endorsed by, connected to, or affiliated with CIA.

22. CIA needs injunctive relief to halt the irreparable harm caused by Defendants' above alleged conduct that infringes on the BELLA Marks. Without an injunction, Defendants will continue infringe on the BELLA Marks through their advertising, marketing and sale of retail store services featuring bridal apparel and related goods.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

23. CIA repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 22 above, inclusive, as though set forth in full.

24. By the acts and omissions set forth above, Defendants have infringed and continue to infringe CIA's rights regarding its federal trademark registrations, in violation of Section 32 of the Lanham Act, 15 U.S.C. section 1114. Defendants' conduct and use of the BELLA Marks or marks confusingly similar to the BELLA Marks is likely to cause confusion, mistake and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services, and interfere with CIA's ability to use its marks to indicate a single quality control source of goods and services.

25. CIA has suffered, is suffering, and will continue to suffer irreparable injury for which CIA has no adequate remedy at law. CIA is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

26. Defendants have profited and are profiting by such infringement and CIA has been, and is being, damaged by such infringement. CIA is therefore

entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition - 15 U.S.C. § 1125(a))

27. CIA repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 26 above, inclusive, as though set forth in full.

28. Defendants' acts as alleged herein also constitute false designation of origin and unfair competition in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a).

29. Defendants' use in commerce of the BELLA Marks or marks confusingly similar to the BELLA Marks in connection with Defendants' services constitutes a false designation of the origin and/or sponsorship of such services, and falsely describes and represents such services.

30. Defendants' conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, CIA's trademark rights, and has caused irreparable harm, damage, and injury to CIA's goodwill and business reputation.

31. CIA has been and continues to be irreparably injured as a result of Defendants' infringement and wrongful acts, and has no adequate remedy at law. CIA is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Defendants.

32. Defendants have profited and are profiting by such infringement and CIA has been and is being damaged by such infringement. CIA is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities.

## THIRD CLAIM FOR RELIEF

## (Common Law Trade Name and Trademark Infringement, and Unfair Competition)

33. CIA repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 32 above, inclusive, as though set forth in full.

34. The above alleged actions and conduct by Defendants constitutes unfair competition under Illinois common law.

35. Defendants' actions and conduct in adopting and using the BELLA BIANCA mark in Illinois constitutes trademark infringement under Illinois common law.

36. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to CIA, including but not limited to injury to CIA's good will and business reputation.

37. CIA has no adequate remedy at law and is being irreparably damaged by Defendants' acts in violation of Illinois common law, entitling CIA to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, CIA prays for an order and judgment against Defendants, and each of them, as follows:

1. That Defendants, and each of them, their owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

  a. Selling, offering to sell, advertising, displaying, or using the BELLA Marks, any derivative thereof, including without limitation BELLA BIANCA, or any other mark similar thereto, alone or in

combination with other words, names, styles, titles, designs or marks in connection with the sale, advertising, marketing and promotion of retail store services featuring bridal merchandise and apparel;

b. Using the internet domain [BellaBianca.com](BellaBianca.com) in connection with the advertising, marketing and promotion of retail store services featuring bridal merchandise and apparel;

c. Using in any other way any other mark or designation so similar to the BELLA Marks as to be likely to cause confusion, mistake or deception as to the source, sponsorship or approval or Defendants' services by CIA;

d. Representing or implying that Defendants are in any way sponsored by, affiliated with, endorsed by or licensed by CIA;

e. Using any words, names, styles, designs, titles or marks that create a likelihood of injury to the business reputation of CIA and the goodwill associated therewith;

2. For an order requiring Defendants to deliver to CIA's attorneys within thirty (30) days after the entry of any injunction, to be impounded or destroyed by CIA, all literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products and any other written materials or items in Defendants' possession or control that bear the BELLA BIANCA mark, or any derivative thereof, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. section 1118, and other applicable laws;

3. For an order requiring Defendants to file with the Clerk of this Court and serve CIA, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 2 above;

4. For an order requiring Defendant to abandon Trademark Application Serial Number 86273154 without consent;

5. For an award of Defendants' profits and CIA's damages according to proof at trial;

6. For an award of pre and post-judgment interest at the highest rate allowed by law;

7. For an award of costs and disbursements incurred in this action; and

8. For such further relief as this Court shall deem just and proper.

Dated: August 15, 2017                    Respectfully submitted,


/s/ Daniel J. Schwartz
Daniel J. Schwartz
Faegre Baker Daniels
311 S. Wacker Drive
Suite 4300
Chicago, IL  60606
(312) 212-2335
daniel.schwartz@FaegreBD.com
Attorneys for Plaintiff
Color Image Apparel, Inc.

Michael D. Adams
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626
(714) 641-5100
madams@rutan.com
Attorneys for Plaintiff
Color Image Apparel, Inc.
*Pro Hac Vice Application to Be Submitted*

## **JURY TRIAL DEMANDED**

Plaintiff Color Image Apparel, Inc., demands a trial by jury on all claims so triable.

Dated: August 15, 2017                    Respectfully submitted,


                                          */s/ Daniel J. Schwartz*
                                          Daniel J. Schwartz
                                          Faegre Baker Daniels
                                          311 S. Wacker Drive
                                          Suite 4300
                                          Chicago, IL  60606
                                          (312) 212-2335
                                          daniel.schwartz@FaegreBD.com
                                          Attorneys for Plaintiff
                                          Color Image Apparel, Inc.

                                          Michael D. Adams
                                          RUTAN & TUCKER, LLP
                                          611 Anton Boulevard, Suite 1400
                                          Costa Mesa, California 92626
                                          (714) 641-5100
                                          madams@rutan.com
                                          Attorneys for Plaintiff
                                          Color Image Apparel, Inc.
                                          *Pro Hac Vice Application to Be Submitted*